James S. Brown (SBN 135810)
Anjuli M. Cargain (SBN 270546)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-mail:  jamesbrown@duanemorris.com
         amcargain@duanemorris.com

Attorneys for Defendants
BRICKELL SUBSIDIARY, INC. d/b/a
BRICKELL BIOTECH, INC., REGINALD
HARDY, and ANDREW SKLAWER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WALKER, an individual, | Case No.: 2:20-cv-2540 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| BRICKELL SUBSIDIARY, INC. d/b/a BRICKELL BIOTECH, INC., a Delaware Corporation; REGINALD HARDY, an individual; ANDREW SKLAWER, an individual; and DOES 1-10, inclusive, | State Court<br>Action Filed: January 27, 2020<br>Removal Filed: March 17, 2020 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I. PROCEDURAL HISTORY ...................................................................................5

II. GROUNDS FOR REMOVAL ..............................................................................5

    A. There is Complete Diversity of Citizenship.............................................6

    B. The Amount in Controversy Exceeds $75,000. ......................................6

    C. This Notice of Removal Is Timely..........................................................11

    D. All Removal Requirements Have Been Met..........................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adkins v. J.B. Hunt Transp., Inc.*
  293 F.Supp.3d 1140, 1143–44 (E.D. Cal. 2018) ..................................................... 7

*Atias v. Platinum HR Mgmt., LLC*
  2014 WL 3536557 (C.D. Cal. July 16, 2014) ......................................................... 7

*Bayol v. Zipcar, Inc.*
  2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) ...................................................... 10

*Davenport v. Mut. Ben. Health & Acc. Ass'n*
  325 F.2d 785 (9th Cir. 1963) ................................................................................... 7

*Galt G/S v. JSS Scandinavia*
  142 F.3d 1150 (1998) .............................................................................................. 7

*Garfias v. Team Indus. Servs., Inc.*
  2017 WL 4512444 (C.D. Cal. Oct. 10, 2017) .................................................. 10-11

*Guglielmino v. McKee Foods Corp.*
  506 F.3d 696 (9th Cir. 2007) ................................................................................... 8

*Kantor v. Wellesley Galleries, Ltd.*
  704 F.2d 1088 (9th Cir. 1983) ................................................................................. 6

*Lota by Lota v. Home Depot U.S.A., Inc.*
  2013 WL 6870006, at *3 (N.D. Cal. Dec. 31, 2013) ............................................ 11

*Lowdermilk v. US. Bank Nat'l Ass'n*
  479 F.3d 994 (9th Cir. 2007) ................................................................................... 7

*Mireles v. Wells Fargo Bank, N.A.*
  845 F.Supp.2d 1034 (C.D. Cal. 2012) ..................................................................... 7

*Real v. Cont'l Grp., Inc.*
  653 F.Supp. 736 (N.D. Cal. 1987) ........................................................................ 11

*Romo v. FFG Ins. Co.*
  397 F.Supp.2d 1237 (C.D. Cal. 2005) ..................................................................... 7

*Roth v. Comerica Bank*
     799 F.Supp.2d 1107 (C.D. Cal. 2010) ........................................................................ 7

*Sako v. Wells Fargo Bank. N.A.*
     2016 WL 2745346 (S.D. Cal. May 11, 2016) ........................................................ 11

*Zapata Fonseca v. Vigo Importing Co.*
     2016 WL 6249006 (N.D. Cal. Oct. 26, 2016) ........................................................ 10

**California Cases**

*Roby v. McKesson Corp.*
     47 Cal.4th 686 (2009) ........................................................................................... 10

**Federal Statutes**

28 U.S.C. § 84(c)(2) ....................................................................................................... 5

28 U.S.C. § 1332 ........................................................................................................ 5-6

28 U.S.C. § 1332(c)(1) .................................................................................................. 6

28 U.S.C. § 1441 .................................................................................................... 5, 11

28 U.S.C. § 1441(a) ...................................................................................................... 5

28 U.S.C. § 1441(b) ................................................................................................... 5-6

28 U.S.C. § 1446 ........................................................................................................... 5

28 U.S.C. § 1446(b) .................................................................................................... 11

**State Statutes**

Cal. Code Civ. Proc. § 415.40 ................................................................................. 5, 11

Cal. Gov't Code § 12940 .............................................................................................. 8

Cal. Gov't Code § 12965(b) ....................................................................................... 11

California Fair Employment and Housing Act .................................................... 8, 11

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Brickell Subsidiary, Inc. d/b/a Brickell Biotech, Inc. ("Brickell"), Reginald Hardy, and Andrew Sklawer (collectively "Defendants") hereby remove Santa Barbara County Superior Court Case No. 20CV00478 to this Court. This removal is based on 28 U.S.C. sections 1332, 1441, and 1446.

## I. PROCEDURAL HISTORY

1. On January 27, 2020, Plaintiff Patricia Walker ("Walker") filed a complaint relating to her employment in the Superior Court of California, County of Santa Barbara, Case No. 20CV00478, against Defendants ("Complaint" or "Compl."). The Complaint, along with all other process, pleadings, and orders served on Defendants is attached as Exhibit A.

2. The effective date of service of Plaintiff's Complaint is February 17, 2020. (*See* Cal. Code Civ. Proc. § 415.40 ["A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."].)

3. The Santa Barbara County Superior Court is located within the Central District of California, Western Division. (*See* 28 U.S.C. § 84(c)(2) ["The Central District comprises 3 divisions…[t]he Western Division comprises the counties of…Santa Barbara,…"].) Thus, venue is proper in the Central District of California, Western Division. (*See* 28 U.S.C. § 1441(a).)

## II. GROUNDS FOR REMOVAL

4. Removal of this action is justified based on diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b) because the Complaint is a civil action between

citizens of different states where the amount in controversy exceeds $75,000.

### A. There is Complete Diversity of Citizenship.

5. To establish citizenship for federal diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) Plaintiff has alleged that she is a resident of the County of Santa Barbara, California (Compl. at ¶2.) Defendant Sklawer is a resident of the state of Colorado. (Comp. at ¶4) and Defendant Hardy is a resident of the state of Florida (Compl. at ¶5). (*See also* Declarations of Andrew Sklawler ("Sklawer Decl.") at ¶8 and Reginald Hardy ("Hardy Decl.") at ¶7.) Because residence is prima facie evidence of domicile, Plaintiff is a resident of California and Defendants Sklawer and Hardy are residents of Colorado and Florida, respectively.

6. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. § 1332(c)(1).) Defendant Brickell was at the time of the filing of this action, and still is, a corporation registered under the laws of the state of Delaware, with a principal place of business located in Indiana, and a separate office (and its headquarters) based in Boulder, Colorado. (Compl. ¶3; *see also* Declaration of Anjuli M. Cargain ("Cargain Decl.") at ¶¶4-8 and Exhibits 1-4; *see also* Sklawer Decl. at ¶¶4-5).

7. The citizenships of any fictitious DOE 1-10 defendants as listed in the Plaintiff's Complaint are disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. (*See* 28 U.S.C. § 1441(b).) Nor in Defendants' opinion, do any such DOE even exist.

8. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

### B. The Amount in Controversy Exceeds $75,000.

9. In assessing the amount in controversy for diversity jurisdiction purposes,

a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010).)  The amount in controversy may include general and special compensatory damages, as well as any possible award of attorney's fees where the statutes under which the plaintiff sues authorize an award of attorneys' fees. (*See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150 (1998); *Lowdermilk v. US. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).)  Where authorized, punitive damages are also counted toward this requirement. (*See Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005); *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).)

10.   "When the plaintiff does not dispute the amount in controversy, '[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (A*dkins v. J.B. Hunt Transp.*, *Inc.*, 293 F.Supp.3d 1140, 1143–44 (E.D. Cal. 2018) *citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).)  However, if the plaintiff contests the amount in controversy requirement, then "evidence establishing the amount is required" and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." (*Id.*)  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" (*Id.*; *see also Atias v. Platinum HR Mgmt., LLC*, 2014 WL 3536557, at *9 (C.D. Cal. July 16, 2014) *citing Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (reiterating that the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint"); *Mireles v. Wells Fargo Bank, N.A.,* 845 F.Supp.2d 1034, 1069 (C.D. Cal. 2012) ("In addition to the notice of removal, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations" (omitting internal quotation marks)).

11. Plaintiff's Complaint does not specifically identify the amount of damages sought. When a state court complaint fails to establish a sufficiently specific total amount in controversy, a removing defendant must only establish the requisite jurisdictional amount by a preponderance of the evidence. (*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).)

12. However, by virtue of filing her action in the "unlimited" civil department of the Superior Court of California, County of Santa Barbara, Plaintiff has admitted that her action meets the state court general jurisdictional minimum threshold of $25,000. (*See* Exhibit A.)

13. Here, the Complaint alleges seven causes of action: 1) Declaratory Relief; (2) Discrimination In Violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12940); (3) Hostile Work Environment in Violation of FEHA; (4) Failure to Prevent Harassment, Discrimination and/or Retaliation In Violation of FEHA; (5) Wrongful Termination in Violation of Public Policy; (6) Breach of Contract; and (7) Breach of the Implied Covenant of Good Faith and Fair Dealing. (*See* Exhibit A.) Plaintiff seeks general and compensatory damages, punitive damages, statutory attorneys' fees and costs. (Compl. at p.24, "Relief Requested" ¶¶5-8.)[1] Plaintiff claims that she "suffered and continues to suffer, substantial losses in earnings, compensation and other employment benefits which she would have received" had Defendants not engaged in the conduct that is alleged in the Complaint. (*Id.* at ¶¶80, 94, 106, 112, 120.) Plaintiff also seeks "punitive and exemplary damages" in sums according to proof. (*Id.* at ¶¶ 82, 96, 108, 113; *see also* Prayer at ¶6 [erroneously titled "¶2"].).

14. Plaintiff, a board-certified dermatologist with over 25 years of experience in drug development, alleges that she was employed by Brickell from June 2015 to November 15, 2018. (*Id.* at ¶¶1, 12, 63.) During her employment, Plaintiff alleges that

---

[1] Paragraphs 6-8 of the "Relief Requested" in Plaintiff's Complaint are erroneously numbered "2"-"4." (*See* Compl. at p.24, "Relief Requested.")

her "day-to-day" job duties were performed from her home in Santa Barbara, California. (*Id*. at ¶22.)

15. From April 17, 2015 until June 14, 2015, Plaintiff was employed by Brickell as a "temporary consultant." (*Id*. at ¶¶13-15.) Starting on June 15, 2015, Plaintiff was employed as the "President and Chief Scientific Officer ("CSO")." (*Id*. at ¶¶1, 15; *see also* Hardy Decl. at ¶5.)

16. On or around June 15, 2015, Plaintiff executed an "Employment Agreement" with Brickell regarding her employment as a President and CSO. (Compl. ¶¶18-24, 115-120, and 122-129; *see also* Hardy Decl. at ¶6 and Exhibit 1 [Employment Agreement] thereto).

17. As the President and CSO, Plaintiff's job required, but was not limited to the following:

- Involvement in all aspects of decision-making materially impacting the business;
- Participation in all Board of Director meetings;
- Presenting at investor, study and industry meetings and conferences;
- Participating in fundraising meeting with potential investors;
- Managing key personnel and service providers, undertaking day-to-day pre-clinical, clinical, and manufacturing activities; and
- Overseeing development and commercialization goals, including overseeing pre-clinical and clinical testing of drugs, managing the regulatory compliance issues associated with drug development and identifying promising drug technologies.

(Compl. at ¶115; *see also* Exhibit 1 to Hardy Decl. at ¶1.2.)

18. Per her Employment Agreement, Plaintiff's compensation consisted of a base annual salary in the amount of $375,000, in addition to discretionary ($75,000) and special bonuses ($150,000). (*See* Exhibit 1 to Hardy Decl. at ¶3.) Plaintiff was also eligible to receive 255,000 shares of common stock of the company at an exercise

price of $4.20 subject to board approval in accordance with the time vesting and performance vesting options. (*Id*. at ¶3.2(c) and "Attachment B.")

19.  During her employment with Brickell, Plaintiff earned the following amounts: ($203,125.00 [2015]); ($531,250.00 [2016]); ($516,250.00 [2017]); ($597,350.00 [2018]; ($384,843.00 [2019]). (*See* Sklawer Decl., at ¶7.)

20.  Plaintiff alleges that she was terminated on November 14, 2018, effective the following day. (Compl. at ¶63.) Plaintiff alleges that she "suffered and will continue to suffer financial losses, including a loss of earning and other employment benefits and job opportunities" as a result of Defendants' conduct. (*Id*. at ¶¶80, 94, 106, 112; *see also* Prayer). Based on her earnings, Plaintiff's claimed losses alone under her wrongful termination theory (starting in November of 2018 and continuing to today) are in excess of $500,000.

21.  Plaintiff also seeks an unspecified amount of damages for punitive damages. (*Id*. at ¶¶ 82, 96, 108, 113; *see also* Prayer at ¶6 [erroneously numbered "¶2"].)

22.  For punitive damages, this district has held that a conservative estimate of punitive damages is a 1:1 ratio with compensatory damages, although there is no set rule on how to calculate a potential award of punitive damages in connection with the amount in controversy analysis at the time of removal. (*Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017) *citing State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424–426 (2003) and *Roby v. McKesson Corp.*, 47 Cal.4th 686, 718 (2009).) The 1:1 ratio has been described as "conservative" for purposes of assessing the amount in controversy requirement. (*Id. citing Guglielmino*, 506 F.3d at 698; *Zapata Fonseca v. Vigo Importing Co.*, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016) and *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015).) Plaintiff's damage claim is effectively doubled by virtue of the request for punitive damages for purposes of this removal.

23.  Assuming for purposes of determining the amount in controversy that

Plaintiff were to recover on even some of her claims, an award of attorney's fees could be included. Causes of Action 2-4 of Plaintiff's claims are under the FEHA, which allows for the recovery of statutory attorney's fees in addition to the damages awarded on the underlying claims. (*See* Cal. Gov't Code § 12965(b).) In addition, under some circumstances a lodestar multiplier is available. (*See Lota by Lota v. Home Depot U.S.A.*, Inc., 2013 WL 6870006, at *3 (N.D. Cal. Dec. 31, 2013); *Real v. Cont'l Grp., Inc.*, 653 F.Supp. 736, 739, 741 (N.D. Cal. 1987); *Sako v. Wells Fargo Bank. N.A.*, 2016 WL 2745346, at **2–3 (S.D. Cal. May 11, 2016).)

24. Furthermore, this district has held that in a similar, standard employment action involving FEHA and wrongful termination claims, with damages pled for lost wages and punitive damages, an estimate of the attorney's fees at the time of removal may exceed $30,000. (*Garfias*, 2017 WL 4512444, at *7.)

25. Altogether, based on the allegations set forth in the Complaint, taken at face value, the amount in controversy regarding conservative estimates for economic damages, punitive damages and attorney's fees exceeds the jurisdictional threshold. The amount has been met for purposes of removal.

**C.     This Notice of Removal Is Timely.**

26. This notice of removal is timely as it is filed within the thirty (30) calendar days of effective service of the Complaint on Defendants. (28 U.S.C. § 1446(b) (requiring removal within thirty days of a defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").) The effective date of service is governed by Section 415.40 of the California Code of Civil Procedure.

**D.     All Removal Requirements Have Been Met.**

27. No previous application has been made for the relief requested herein. (Cargain Decl. at ¶9).

28. The prerequisites for removal under 28 U.S.C. § 1441 have been met in their entirety. Complete diversity exists between and among the Plaintiff and the

1  Defendants. All Defendants have joined in this removal.

2      29.    The allegations of this notice are true and correct and within the
3  jurisdiction of the United States District Court for the Central District of California.

5  Dated: March 17, 2020        **DUANE MORRIS LLP**

By: /s/ James S. Brown
James S. Brown
Anjuli M. Cargain
Attorneys for Defendants
BRICKELL SUBSIDIARY, INC. d/b/a
BRICKELL BIOTECH, INC., REGINALD
HARDY, and ANDREW SKLAWER

# PROOF OF SERVICE

*Patricia Walker v. Brickell Subsidiary, Inc., et al.*
USDC Central District of California Case No. 2:20-cv-2540

I am a citizen of the United States, over the age of 18 years, and not a party to this action. I am an employee of Duane Morris LLP and my business address is One Market Plaza, Spear Tower, Suite 2200, San Francisco, California 94105-1127. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes.

On the date stated below, I served the following documents:

**NOTICE OF REMOVAL; CIVIL CASE COVER SHEET; DECLARATION OF ANJULI M. CARGAIN; DECLARATION OF REGINALD HARDY; DECLARATION OF ANDREW SKLAWER; CERTIFICATION AND NOTICE OF INTERESTED PARTIES;**

| X | <u>BY U.S. MAIL</u>: I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid. |
|---|---|

| Ramit Mizrahi, Esq.<br>John L. Schwab, Esq.<br>MIZRAHI LAW, APC<br>201 S. Lake Avenue, Suite 305<br>Pasadena, CA 91101<br>Telephone: + 626 380 9000<br>Facsimile: + 626 606 3999<br>Email:  ramit@mizrahilaw.com<br>            john@mizrahilaw.com | Attorneys for Plaintiff<br>PATRICIA WALKER |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 17, 2020                                 _____
                                                                                              Mark Mitobe

DM2\12280575.2

1     CASE NO. 2:20-cv-2540
**PROOF OF SERVICE**